

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,522-03

### EX PARTE RICHARD GOOSBY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1315052-B IN THE 230TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded "no contest" to aggravated robbery, and was sentenced to twenty-five years' imprisonment. He attempted twice to appeal his conviction, but both appeals were dismissed for want of jurisdiction. *Goosby v. State*, No. 14-12-00570-CR (Tex. App. — Houston [14th Dist.] August 14, 2012); *Goosby v. State*, No. 14-13-00864-CR (Tex. App. — Houston [14th Dist.] October 17, 2013) (not designated for publication).

Applicant contends, among other things, that his plea agreement has been breached and that his trial counsel rendered ineffective assistance because Applicant was led to believe that he had the

right to appeal or that the trial court would grant him permission to appeal after entering his plea of "no contest." The transcript of the plea hearing is unclear with respect to whether Applicant understood that he would not have a right to appeal if the trial court followed the punishment recommendation. The trial court did take a short break in the proceedings to allow Applicant the opportunity to discuss the matter with counsel before he entered his plea, but the record does not reflect what advice trial counsel gave Applicant during that break. The record does suggest that Applicant was confused as to whether he could appeal if he pleaded "no contest." Furthermore, although Applicant signed the trial court's certification indicating that he had no right to appeal, he also filed a notice of appeal which was signed by trial counsel on the same date. Although trial counsel moved to withdraw from the representation at the same time he filed notice of appeal, the trial court neither granted nor denied trial counsel's motion to withdraw. In addition, although the trial court found that Applicant was indigent for purposes of appointing appellate counsel and paying for preparation of the trial records, the trial court did not appoint appellate counsel to represent Applicant.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, trial counsel shall state what advice he gave to Applicant regarding his right to appeal if he pleaded "no contest" and the trial court followed the punishment recommendation. If trial counsel did advise Applicant that he had no right to appeal, trial counsel shall explain why he filed notice of appeal on Applicant's behalf. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was advised and understood that he had no right to appeal after entering his plea of "no contest" pursuant to a plea agreement. The trial court shall make findings as to why the certification showing that Applicant had no right to appeal and the notice of appeal were filed on the same date, and as to why the trial court found Applicant to be indigent, did not grant trial counsel's motion to withdraw, and did not appoint appellate counsel. The trial court shall make findings of fact as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact as to whether Applicant's plea of "no contest" was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 11, 2015
Do not publish